**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BENNETT OHIA<br>5028 Eastern Ave. NE<br>Washington, DC 20017,<br><br>                  Plaintiff,<br><br>     v.<br><br>AQUA FINANCE INC.<br>One Corporate Drive., Suite 300<br>Wausau, WI 54401;<br><br>SMART HOME  PRO LLC<br>4695 MacArthur Ct., Suite 1102<br>Newport Beach, CA 92660;<br><br>and<br><br>ECCO AIR LLC<br>9633 Liberty Rd., Suite M<br>Randallstown, MD 21133,<br><br>               Defendants. | Civil Action No.: 1:20-cv-3788<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1.      Defendants engaged in a targeted scheme to solicit Plaintiff at his home to install VAC equipment, while denying him information about the exorbitant price of the equipment and the nature of any financing.  Defendants fraudulently applied Plaintiff's electronic signature to a contract he did not sign and had no opportunity to review, and Aqua Finance Inc. is now, in the face of multiple disputes, attempting to collect the debt and report on Plaintiff's credit based on this fraudulent and facially deficient agreement.   Defendants' actions violated the Truth in Lending Act ("TILA"), the Fair Credit Reporting Act ("FCRA"), the District of Columbia Debt

1

Collection Law, District of Columbia Consumer Protection Procedures Act ("DCCPPA"), and the District of Columbia Home Solicitation Act.

## JURISDICTION

2.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this District because acts and transactions that give rise to this action occurred here, and because Plaintiff resides here.

## PARTIES

5.      Plaintiff Bennett Ohia ("Plaintiff") is a natural person who resides in the District of Columbia.

6.      Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(b) and (c).

7.      Aqua Finance, Inc.  ("AFI") is a Wisconsin corporation with its principal place of business in Waushau, Wisconsin.  AFI does business in the District of Columbia.

8.      AFI is a furnisher of information to the major credit reporting agencies, including TransUnion, Experian, and Equifax.

9.      Smart Home Pro LLC ("Smart Home") is a California corporation with its principal place of business in Newport Beach, California.  Smart Home is not licensed to do business in the District of Columbia.

10.     Ecco Air LLC ("Ecco") is a Maryland corporation with its principal place of business in Randallstown, Maryland.  Ecco is not licensed to do business or as a home improvement contractor in the District of Columbia.

## FACTS

### Home Solicitation by Ecco

11.     On or about January 21, 2020, representatives from Ecco visited Plaintiff at his home.

12.     Plaintiff in no way requested Ecco's visit; Ecco appeared at his home unsolicited for the purpose of selling HVAC services.

13.     Ecco's representatives told Plaintiff that he was eligible for a promotion in the pricing of the installation of a new air conditioning coil.

14.     Ecco's representatives at no time indicated the price of the services, or provided any information regarding payment.

15.     Plaintiff did not fully understand who Ecco's representatives were or the nature of their business.

16.     Believing Ecco had offered Plaintiff a free repair to his air conditioning unit, Plaintiff agreed to the installation.

17.     Plaintiff never indicated any emergency or urgency for the installation.

18.     Nonetheless, Ecco began and completed the work that same day.

### Fraudulent Financing Contract

19.     At the end of the work, Ecco's representative handed Plaintiff a phone and requested his signature.

20.     Plaintiff was under the impression that his signature merely indicated completion of the work, and he signed only one time without applying his signature to any additional signature lines.

21.     Ecco's representative did not provide Plaintiff an opportunity to view any contracts or other documents on the phone and did not provide him with a copy of any contracts subsequently.

22.     Plaintiff never entered into any written contract with Ecco.

23.     Upon information and belief, Ecco used Plaintiff's electronic signature for a financing contract with Smart Home without Plaintiff's knowledge or consent.

24.     Plaintiff did not knowingly enter into any contract with Smart Home.

25.     In addition, the contract included Plaintiff's Social Security number and date of birth, which Plaintiff had never provided to any of the Defendants.

26.     Indeed, when Ecco's representative asked Plaintiff to verify that information, he refused to provide it.

27.     The contract did not include Plaintiff's e-mail address, and he never provided one to Ecco for any electronic transmission of the contract.

28.     Ecco did not provide a printed version of the contract to Plaintiff at the time or by mail.

**Impermissible Credit Access**

29.     In connection with the fraudulently obtained contract, AFI accessed Plaintiff's TransUnion credit file on or about January 16, 2020.

30.     AFI accessed Plaintiff's credit file *five days* before Plaintiff had any interactions with AFI, Ecco, or SmartHome.

31.     Accordingly, at the time AFI accessed Plaintiff's credit file, it had no permissible purpose to do so.

32.     Likewise, as Plaintiff has never provided either valid consent or personal identifying information, and did not knowingly or validly enter into any credit transaction, AFI lacked a permissible purpose to access his credit at any time.

**Facially Deficient Contract**

33.     On or about August 25, 2020, Plaintiff received a bill from AFI indicating a balance of $15,781.02 (the "Alleged Debt").

34.     Plaintiff had never heard of AFI and contacted the company to inquire about the bill.

35.     Neither the bill nor any subsequent communications from AFI to Plaintiff included any sort of "mini-Miranda" warning about the nature of the communication and the purpose for which any information provided by Plaintiff would be used.

36.     AFI sent Plaintiff a copy of the alleged contract with Smart Home, which was the first time Plaintiff had the opportunity to see the contract.

37.     Smart Home is listed as the "dealer" on the contract.

38.     The contract also purportedly advised of a right to cancel within three days but indicated that the work had been completed on the same day the contract was allegedly signed, eliminating any meaningful right to cancel.

39.     Though the contract includes a District of Columbia notice regarding the buyer's right to cancel, the cancelation language in the contract does not include the language required under DC law for door-to-door solicitations and to date, Defendants have not complied with the notice of cancelation requirements under DC law.  D.C. Code. § 28-3811 *et seq.*

40.     In any event, Plaintiff did not timely receive notice of his cancelation rights, as he was never provided with a copy of the contract until September 2020.

41.     The contract indicated a financing amount of $14,900, an amount that, upon information and belief, exceeds the market price for air conditioner coil replacement by at least three times.

42.     The contract included an assignment of rights and interest from Smart Home to AFI.

43.     Smart Home signed the contract in multiple locations, and AFI received a copy.

44.     The contract purportedly included Truth in Lending Act disclosures, but none of the Defendants provided the contract or any other documents to Plaintiff until September 2020.

**Disputes**

45.     In or around September 2020, Plaintiff sent a letter to Ecco with a copy to AFI explaining the fraud that had occurred, disputing the debt, and attempting to resolve it in good faith.

46.     Plaintiff's letter amounts to an attempt to cancel the purported contract, though he had never agreed to it in the first instance.

47.     AFI only persisted in its collection efforts.

48.     AFI has continued to contact Plaintiff by mail and phone demanding payment.

49.     Likewise, AFI reported Plaintiff as owing and delinquent on the Alleged Debt to each of the three major consumer reporting agencies ("CRAs"), with a copy of AFI.

50.     On or about November 13, 2020, Plaintiff sent disputes via U.S. Mail to each of the CRAs indicating that the Alleged Debt was a product of fraud and requesting deletion of the tradeline.

51.     Upon information and belief, each of the CRAs timely notified AFI of the disputes.

52.     Though Experian deleted the tradeline in response to Plaintiff's dispute, AFI verified the account as accurate to Equifax and TransUnion, which continue to report the account as delinquent.

53.     Numerous third parties viewed the fraudulent tradeline and/or credit inquiry on Plaintiff's credit report, and both negatively impacted his credit score.

**Damages**

54.     As a result of Defendants' actions, Plaintiff suffered damages, including, but not limited to, harm to his credit, anger, frustration, embarrassment, and emotional distress, manifest through symptoms including but not limited to headaches and blood pressure spikes.

**<u>CLAIMS</u>**

**COUNT I**
**VIOLATION OF THE TRUTH IN LENDING ACT**
**15 U.S.C. § 1638 and 12 C.F.R. §§ 1026.17**
**(Against Smart Home and AFI)**

55.     Plaintiff repeats and reallege the foregoing paragraphs as if set forth fully herein.

56.     Plaintiff is a "consumer" as that term is defined in 12 C.F.R. § 1026.2(a)(11).

57.     Smart Home regularly extends consumer credit that is subject to a finance charge relating to home improvements, and the contract indicated Smart Home as the original seller and payee.  Smart Home is therefore a "creditor" as that term is defined in 12 C.F.R. § 1026.2(a)(17)(i).

58.     AFI regularly extends consumer credit and, upon information and belief, did so more than 25 times in both 2019 and 2020 and is therefore a "creditor" as that term is defined in 12 C.F.R. § 1026.2(a)(17)(v).

59.     The alleged financing agreement at issue is a "closed-end credit" transaction as that term is defined in 12 C.F.R. § 1026.2(a)(10).

60.     Smart Home and AFI, directly or indirectly, violated 12 C.F.R. § 1026.17(b) by failing to provide Plaintiff with any disclosures prior to the consummation of the alleged transaction and did not provide him with either a copy of the disclosures or an opportunity to view them until nearly 8 months after the alleged transaction.

61.     As a result of this violation, Smart Home and AFI are jointly and severally liable to Plaintiff for actual and statutory damages, as well as attorney's fees and costs.

**COUNT II**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681 *et seq*. (FCRA)**
**(Against AFI)**

62.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63.     AFI knowingly and/or negligently, directly or indirectly, obtained Plaintiff's credit reports by false pretenses, in violation of 15 U.S.C. §§ 1681q and n and/or o.

64.     AFI knowingly and/or negligently, directly or indirectly, obtained for itself and third parties Plaintiff's consumer reports for purposes not authorized by Plaintiff, statute, or court order.

65.     AFI willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes from one or more of the consumer reporting agencies and continuing to report false information about a fraudulent debt, in reckless disregard of the statutory requirements and Plaintiff's disputes.

66.     As a result of AFI's violations, Plaintiff suffered damages, including, but not limited to, damage to his credit and emotional distress.

67.     As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages

pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

68.     48. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1), punitive damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

**COUNT III**
**Violation of the D.C. Consumer Protection Procedures Act**
**D.C. Code § 28-3901 *et seq.***
**(Against Ecco)**

69.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70.     The sale, installation, and financing of an HVAC component are trade practices within the meaning of D.C. Code §§ 28-3901(a)(6) and (7).

71.     Plaintiff is a "consumer" within the meaning of D.C. Code § 28-3901(a)(2).

72.     Ecco violated D.C. Code §§ 28-3904(d), (e), and (dd) by:

a.     Operating as a home improvement contractor in the District of Columbia without a license, and accepted payment for home improvement services performed in the District of Columbia, in violation of D.C. Code §§ 47-2851.02 and 47-2851.03d and D.C.M.R. § 16-800.

b.     Receiving payment on a home improvement contract without a valid signed, written authorization, in violation of D.C.M.R. § 16-808.

73.     Ecco further violated D.C. Code §§ 28-3904(f) and (f-1) by failing to inform Plaintiff that is lacked a business license to operate in the District of Columbia and/or using innuendo or ambiguity to obscure that fact.

74.   Ecco further violated D.C. Code §§ 28-3904(f) and (f-1) by failing to inform Plaintiff of the costs and finanacing terms of the installation of the air conditioning coil and/or using innuendo or ambiguity to obscure the costs and terms.

75.   Ecco further violated D.C. Code §§ 28-3904(f) by failing to inform Plaintiff both that it had his Social Security number and birth date and how it obtained them.

76.   Ecco further violated D.C. Code §§ 28-3904(j) and (l) by indicating that Plaintiff was eligible for a promotion on the installation without indicating the full and above-market value cost of the installation or the financing terms.

77.   Ecco further violated D.C. Code §§ 28-3904(k) and (o) by misleading Plaintiff into believing that replacement of his air conditioning coil was necessary when there was no indication that this was true.

78.   Ecco further violated D.C. Code § 28-3904(q) by failing to supply a copy of the installation or financing contract.

79.   Ecco further violated D.C. Code § 28-3904(r)(3) by selling and installing an air conditioning coil at a price far above prevailing market price.

80.   Ecco further violated D.C. Code § 28-3904(r)(5) by taking advantage of Plaintiff's inability to protect his interests based on his inability to understand and clear lack of understanding of the reason for or terms of installation.

81.   Each of the foregoing violations was material and had the tendency to mislead and did in fact mislead Plaintiff.

82.   As a result of Ecco's violations of the DCCPPA, Plaintiff is entitled to recover from Ecco treble damages, costs, and attorney's fees, pursuant to D.C. Code § 28-3905(k).

**COUNT IV**
**Violation of the D.C. Consumer Protection Procedures Act**

10

**D.C. Code § 28-3901 *et seq.***
**(Against Smart Home)**

83.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84.     The sale, installation, and financing of an HVAC component are trade practices within the meaning of D.C. Code §§ 28-3901(a)(6) and (7).

85.     Plaintiff is a "consumer" within the meaning of D.C. Code § 28-3901(a)(2).

86.     Smart Home, directly or indirectly, violated D.C. Code §§ 28-3904(e) and (e-1) by misrepresenting that Plaintiff had signed a valid and enforceable contract and that that contract conferred obligations to which Plaintiff had never agreed.

87.     Smart Home, directly or indirectly, further violated D.C. Code §§ 28-3904(e), (e-1), (f), and (f-1) by misrepresenting the scope and timing of Plaintiff's right to cancel, failing to accurately inform Plaintiff of his right to cancel, and misrepresenting and/or implying that the purported contract complied with Plaintiff's cancelation rights under D.C. law.

88.     Smart Home, directly or indirectly, further violated D.C. Code §§ 28-3904(f) and (f-1) by failing to inform Plaintiff of the costs and finanacing terms of the installation of the air conditioning coil and/or using innuendo or ambiguity to obscure the costs and terms.

89.     Smart Home, directly or indirectly, further violated D.C. Code §§ 28-3904(f) by failing to inform Plaintiff both that it had his Social Security number and birth date and how it obtained them.

90.     Smart Home further violated D.C. Code §§ 28-3904(f) and (f-1) by failing to inform Plaintiff that is lacked a business license to operate in the District of Columbia and/or using innuendo or ambiguity to obscure that fact.

91. Smart Home, directly or indirectly, further violated D.C. Code §§ 28-3904(j) and (l) by indicating that Plaintiff was eligible for a promotion on the installation without indicating the full and above-market value cost of the installation or the financing terms.

92. Smart Home, directly or indirectly, further violated D.C. Code § 28-3904(q) by failing to supply a copy of the installation or financing contract.

93. Smart Home, directly or indirectly, further violated D.C. Code § 28-3904(r)(3) by financing an air conditioning coil at a price far above prevailing market price.

94. Smart Home, directly or indirectly, further violated D.C. Code § 28-3904(r)(5) by taking advantage of Plaintiff's inability to protect his interests based on his inability to understand and clear lack of understanding of the reason for or terms of installation.

95. Each of the foregoing violations was material and had the tendency to mislead and did in fact mislead Plaintiff.

96. As a result of Smart Home's violations of the DCCPPA, Plaintiff is entitled to recover from Ecco treble damages, costs, and attorney's fees, pursuant to D.C. Code § 28-3905(k).

**COUNT V**
**Violation of the D.C. Consumer Protection Procedures Act**
**D.C. Code § 28-3901 *et seq.***
**(Against AFI)**

97. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

98. The sale, installation, and financing of an HVAC component are trade practices within the meaning of D.C. Code §§ 28-3901(a)(6) and (7).

99. Plaintiff is a "consumer" within the meaning of D.C. Code § 28-3901(a)(2).

100. AFI, directly or indirectly, violated D.C. Code §§ 28-3904(e) and (e-1) by misrepresenting to Plaintiff and to CRAs that Plaintiff had signed a valid and enforceable contract,

that that contract conferred obligations to which Plaintiff had never agreed, and that Plaintiff was obligated for the Alleged Debt.

101.    AFI, directly or indirectly, further violated D.C. Code § 28-3904(e) by misrepresenting that it had consent or other permissible purpose to access Plaintiff's credit file at any time, but particularly before it or any agent had contact with Plaintiff.

102.    AFI, directly or indirectly, further violated D.C. Code §§ 28-3904(f) by failing to inform Plaintiff both that it had his Social Security number and birth date and how it obtained them.

103.    AFI, directly or indirectly, further violated D.C. Code §§ 28-3904(e), (e-1), (f), and (f-1) by misrepresenting the scope and timing of Plaintiff's right to cancel, failing to accurately inform Plaintiff of his right to cancel, and misrepresenting and/or implying that the purported contract complied with Plaintiff's cancelation rights under D.C. law.

104.    AFI, directly or indirectly, further violated D.C. Code §§ 28-3904(f) and (f-1) by failing to inform Plaintiff of the costs and finanacing terms of the installation of the air conditioning coil and/or using innuendo or ambiguity to obscure the costs and terms.

105.    AFI, directly or indirectly, further violated D.C. Code §§ 28-3904(j) and (l) by indicating that Plaintiff was eligible for a promotion on the installation without indicating the full and above-market value cost of the installation or the financing terms.

106.    AFI, directly or indirectly, further violated D.C. Code § 28-3904(q) by failing to supply a copy of the installation or financing contract.

107.    AFI, directly or indirectly, further violated D.C. Code § 28-3904(r)(3) by financing an air conditioning coil at a price far above prevailing market price.

108.   Smart Home, directly or indirectly, further violated D.C. Code § 28-3904(r)(5) by taking advantage of Plaintiff's inability to protect his interests based on his inability to understand and clear lack of understanding of the reason for or terms of installation.

109.   Each of the foregoing violations was material and had the tendency to mislead and did in fact mislead Plaintiff.

110.   As a result of Smart Home's violations of the DCCPPA, Plaintiff is entitled to recover from Ecco treble damages, costs, and attorney's fees, pursuant to D.C. Code § 28-3905(k).

**COUNT VI**
**Violation of the D.C. Debt Collection Law**
**D.C. Code § 28-3814**
**(Against AFI)**

111.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

112.   AFI is a creditor as that term is defined in D.C. Code § 28-3814(b)(1B).

113.   The alleged debt at issue arose for personal or household purposes, and is a "claim" as that term is defined in D.C. Code § 28-3814(b)(1).

114.   AFI violated D.C. Code § 28-3814(c)(3) by falsely reporting to the CRAs that Plaintiff owed the Alleged Debt when it was, in fact, procured by fraud.

115.   AFI violated D.C. Code §§ 28-3814(f)(5) and (9) by falsely representing to Plaintiff that he owed the Alleged Debt.

116.   AFI further violated D.C. Code § 28-3814(f)(2) by failing to disclose that it was a creditor attempting to collect a debt and that any information obtained will be used for that purpose.

117.   AFI's continued collection efforts, including credit reporting, after direct and indirect disputes and based on a facially deficient purported agreement amount to willful

violations.

118.    As a result of its action, AFI is liable to Plaintiff for actual and punitive damages,

attorney's fees, and costs.

## COUNT VII
### Violation of the D.C. Home Soliciation SalesAct
### D.C. Code § 28-3811 *et seq.*
### (Against All Defendants)

119.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

120.    Plaintiff's transaction with Defendants arose from a solicitation at his home.

121.    The purported contract at issue that does not include required notice of

cancelation set forth in D.C. Code § 28-381(g)(2).

122.    Accordingly, Plaintiff's cancelation period has not yet expired pursuant to D.C.

Code § 28-3811(g)(3).

123.    None of the work performed in connection with the home solicitation sale arose

based on an emergency, and Plaintiff never waived his cancelation rights.

124.    AFI is the current seller, under the terms of the alleged agreement.

125.    Plaintiff attempted to cancel the agreement by letter to AFI.

126.    Plaintiff has taken reasonable care of the air conditioning coil and, in fact, offered

market compensation to Defendants for retaining it.

127.    None of the Defendants has demanded return of the air conditioning coil.

128.    Plaintiff is therefore entitled to cancelation of the purported contract, retention of

the air conditioning coil, with no payment required to any of the Defendants, pursuant to D.C.

Code § 28-3811(i).

**COUNT VIII**
**Declaratory Judgment**
**(Against AFI)**

129.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as though fully stated herein.

130.     AFI has asserted entitlement to more than $15,000 from Plaintiff based.

131.     Plaintiff never signed the financing agreement in connection with the Alleged Debt and never agreed to be obligated for that amount or any amount.

132.     An actual, present and justiciable controversy has arisen between Plaintiff and AFI concerning the existence of any payment obligation by Plaintiff to AFI.

133.      Plaintiff seeks declaratory judgment from this Court that he does not owe any debt to AFI or in connection with the Alleged Debt.

**PRAYER FOR RELIEF**

WHEREFORE, to redress the injuries caused by Defendants' conduct as stated in the foregoing paragraphs, Plaintiff hereby requests the following relief:

- an award of actual and/or compensatory damages;

- an award of statutory damages;

- an award of treble damages;

- an award of punitive damages;

- an award of costs of litigation and reasonable attorney's fees;

- a determination that Defendant has canceled any contract that may exist;

- a udgment according to the declaratory relief sought;

- an award of costs for the declaratory judgment action;

16

- an award of pre-judgment and post-judgment interest; and

- for such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all claims so triable.


Dated:  Washington, D.C.                    Respectfully submitted on behalf of Plaintiff,
       December 22, 2020

                        */s/ Courtney L. Weiner*
                         Courtney L. Weiner (#992797)
                        Law Office of Courtney Weiner PLLC
                        1629 K Street NW, Suite 300
                        Washington, DC 20006
                        PH: 202-827-9980
                        cw@courtneyweinerlaw.com

                        *Attorney for Plaintiff*